Case 4:21-cv-00029-KGB   Document 1   Filed 01/12/21   Page 1 of 12

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JAN 12 2021

JAMES W. McCORMACK, CLERK
By:_____
                    DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | |
|---|---|
| **MONICA EDWARDS, Individually and on Behalf of All Others Similarly Situated** | **PLAINTIFF** |
| vs. | No. 4:21-cv-_00029_-SWW |
| **ABOVE AND BEYOND HOME CARE OF CENTRAL ARKANSAS, INC.** | **DEFENDANT** |

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

COMES NOW Plaintiff Monica Edwards ("Plaintiff"), individually and on behalf of all others similarly situated, by and through her attorneys April Rhéaume and Josh Sanford of Sanford Law Firm, PLLC, and for her Original Complaint—Collective Action ("Complaint") against Defendant Above and Beyond Home Care of Central Arkansas, Inc. ("Defendant"), she states and alleges as follows:

### I.      PRELIMINARY STATEMENTS

1.     This is a collective action brought by Plaintiff, individually and on behalf of all others similarly situated, against Defendant for violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the overtime provisions of the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* ("AMWA").

This case assigned to District Judge Wright
and to Magistrate Judge Harris

2.     Plaintiff seeks a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs as a result of Defendant's failure to pay proper overtime compensation under the FLSA and the AMWA.

## II. JURISDICTION AND VENUE

3. The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. This Complaint also alleges AMWA violations, which arise out of the same set of operative facts as the federal cause of action; accordingly, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

5. The acts complained of herein were committed and had their principal effect against Plaintiff within the Central Division of the Eastern District of Arkansas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III. THE PARTIES

6. Plaintiff is an individual and resident of Pulaski County.

7. Defendant is a domestic, for-profit corporation.

8. Defendant's registered agent for service of process is Shelley Muscovalley, at 1202 South Main Street, #203, Little Rock, Arkansas 72202.

9. Defendant maintains a website at http://www.aboveandbeyondhomecare.org/.

## IV. FACTUAL ALLEGATIONS

10. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

11. Within the three years preceding the filing of this Complaint, Defendant has continuously employed at least four employees.

12. Defendant employs two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce, such as medical supplies.

13. Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of the Original Complaint.

14. Defendant is an employer within the meaning of the FLSA and has been, at all times relevant herein, Plaintiff's employer.

15. Defendant's primary business is to provide aid to the elderly and disabled in their own home by assisting with home maintenance, personal care, companionship, and supervision.

16. At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA.

17. Defendant employed Plaintiff as a Patient Care Associate ("PCA") from April of 2019 until November of 2020.

18. Defendant classified Plaintiff as an hourly employee, non-exempt from the overtime requirements of the FLSA.

19. Defendant also employed other PCAs.

20. Defendant classified other PCAs as hourly employees, non-exempt from the overtime requirements of the FLSA.

21. Plaintiff was primarily responsible for taking care of patients, including bathing them, feeding them and taking care of their sanitary needs.

22. Other PCAs had the same or similar duties as Plaintiff.

23. Defendant directly hired Plaintiff and other PCAs, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

24. Defendant did not pay Plaintiff a sufficient overtime premium for all hours worked over forty in a week.

25. For example, during the 2-week pay period ending July 4, 2020, Defendant paid Plaintiff an hourly rate of $11.80 per hour for the first 74 hours she worked, a weekend rate of $12.80 per hour for the next 6 hours she worked, and only $16.58 per hour for the additional 26.5 hours she worked.

26. Defendant regularly failed to pay Plaintiff a proper overtime rate for hours worked over 40 in a week.

27. Upon information and belief, Defendant also failed to pay a proper overtime rate to other PCAs when they worked over 40 hours in a week.

28. Defendant willfully failed to pay a proper overtime premium to Plaintiff during the time period relevant to this Complaint.

29. Defendant also regularly shaved hours from Plaintiff's time.

30. Upon information and belief, other PCAs were also subject to Defendant's practice of shaving time.

31. Plaintiff sent her total hours for each pay period to Defendant's payroll by email. The number of hours shown on Plaintiff's paystubs did not always match up with the number of hours Plaintiff submitted to Defendant.

32. For example, on one occasion, Plaintiff's paycheck showed 16 hours less than the number of hours Plaintiff submitted to Defendant.

33. Because of the unrecorded hours, Plaintiff and other PCAs were deprived of compensation for all hours worked, including overtime compensation for all hours worked over forty per week.

34. Defendant's time shaving practices resulted in hours worked by PCAs which went unrecorded and uncompensated.

35. Because Plaintiff and other PCAs regularly worked over forty hours in a week, the hours which went uncompensated due to Defendant's time shaving practices created additional overtime violations.

36. Defendant knew or should have known that Plaintiff and other PCAs were working hours off-the-clock for which they were not compensated.

37. Upon information and belief, Defendant's time shaving policies were the same for all PCAs.

38. At all relevant times herein, Defendant has deprived Plaintiff and other PCAs of proper overtime compensation for all of the hours worked over forty per week.

39. Defendant knew, or showed reckless disregard for whether, the way it paid Plaintiff and other PCAs violated the FLSA and AMWA.

## V. REPRESENTATIVE ACTION ALLEGATIONS

40. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

41. Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons

similarly situated who were, are, or will be employed by Defendant within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

    A.    Overtime premiums for all hours worked over forty hours in any week;

    B.    Liquidated damages; and

    C.    Attorneys' fees and costs.

42. Plaintiff proposes the following collective under the FLSA:

**All Patient Care Associates who worked over 39 hours in any week within the past three years.**

43. In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

44. The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

45. The members of the proposed FLSA collective are similarly situated in that they share these traits:

    A.    They were paid hourly;

    B.    They were subject to Defendant's common policy of shaving hours from their time;

    C.    They worked over forty hours in at least one week in which they performed work related to a bonus;

    D.    They were subject to Defendant's common policy of failing to pay a proper overtime rate for hours worked over forty in a week; and

E. They had the same or substantially similar job duties and requirements.

46. Plaintiff is unable to state the exact number of the collective but believe that the collective exceeds one hundred and fifty (150) persons.

47. Defendant can readily identify the members of the collective, who are a certain portion of the current and former employees of Defendant.

48. The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendant.

49. The email addresses of many of the probable FLSA collective action plaintiffs are available from Defendant.

## VI.   FIRST CLAIM FOR RELIEF
### (Individual Claim for Violation of the FLSA)

50. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

51. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

52. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

53. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 each week and to pay 1.5x their regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

54. Defendant classified Plaintiff as non-exempt from the requirements of the FLSA.

55. Despite Plaintiff's entitlement to overtime payments under the FLSA, Defendant failed to pay Plaintiff 1.5x her regular rate for all hours worked in excess of 40 per week.

56. Defendant knew or should have known that its actions violated the FLSA.

57. Defendant's conduct and practices, as described above, were willful.

58. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorneys' fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

59. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wage and unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

60. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

### VII.   SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of the FLSA)

61. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

62. Plaintiff asserts this claim for damages and declaratory relief on behalf of all similarly situated employees pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

63. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

64. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5x their regular wages for all hours worked over 40 in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

65. Defendant classified Plaintiff and other similarly situated employees as non-exempt from the overtime provisions of the FLSA.

66. Defendant failed to pay Plaintiff and similarly situated employees 1.5x their regular rate for all hours worked in excess of 40 per week.

67. Defendant deprived Plaintiff and similarly situated employees of compensation for all of the hours worked over forty per week, in violation of the FLSA.

68. Defendant knew or should have known that its actions violated the FLSA.

69. Defendant's conduct and practices, as described above, were willful.

70. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and all similarly situated employees for monetary damages, liquidated damages and costs, including reasonable attorneys' fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

71. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff and similarly situated employees are entitled to recover an award of liquidated

damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

72. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and the collective members as provided by the FLSA, they are entitled to an award of prejudgment interest at the applicable legal rate.

### VIII.  THIRD CLAIM FOR RELIEF
### (Individual Claim for Violation of the AMWA)

73. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

74. Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Ark. Code Ann. §§ 11-4-201, *et seq*.

75. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

76. Sections 210 and 211 of the AMWA require employers to pay all employees a minimum wage for all hours worked, and to pay 1.5x regular wages for all hours worked over 40 in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

77. Defendant classified Plaintiff as non-exempt from the requirements of AMWA.

78. Defendant failed to pay Plaintiff overtime wages as required under the AMWA for all hours that Plaintiff worked in excess of forty per week.

79. Defendant knew or should have known that its practices violated the AMWA.

80. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

81. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for, and Plaintiff seeks, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees as provided by the AMWA.

## IX. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Monica Edwards, individually and on behalf of all others similarly situated, respectfully prays that Defendant be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

A. Declaratory judgment that Defendant's practices alleged in this Complaint violate the FLSA, the AMWA, and their related regulations;

B. Certification of a collective under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

C. Judgment for damages suffered by Plaintiff and others similarly situated for all unpaid overtime wages under the FLSA, the AMWA and their related regulations;

D. Judgment for liquidated damages owed to Plaintiff and all others similarly situated pursuant to the FLSA, the AMWA, and their related regulations;

E. An order directing Defendant to pay Plaintiff and all others similarly situated interest, a reasonable attorney's fee and all costs connected with this action; and

F. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**PLAINTIFF MONICA EDWARDS,
Individually and on Behalf of
All Others Similarly Situated**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

_____
April Rhéaume
Ark. Bar No. 2015208
april@sanfordlawfirm.com

_____
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com